UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CURTIS GORDON (#080114)**  CIVIL ACTION

**VERSUS**

**LOUISIANA DEPARTMENT OF PUBLIC**  NO. 15-370-JJB-SCR
**SAFETY AND CORRECTIONS, ET AL.**

## ORDER TO PAY FULL FILING FEE

Before the Court is the plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2).

*Pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc and Warden N. Burl Cain, Dy. Warden Richard Peabody, and Accountant Sandra Rossa, complaining that the defendants violated his constitutional rights by allegedly mishandling his prison monetary accounts and by effectively seizing his personal property without justification.

The statute applicable to the granting of pauper status to inmates in civil proceedings, 28 U.S.C. § 1915(g), makes clear that the plaintiff is not entitled to proceed as a pauper in this case. This statute provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). *See also Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

A review of the records of the federal courts reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Because it is clear that the plaintiff is barred from proceeding *in forma pauperis* in this case,[2] the plaintiff's Motion to Proceed *In Forma Pauperis* shall be denied, and the plaintiff shall be required to pay the full amount of the Court's filing fee.

---

1. Cases filed by the plaintiff which have been dismissed by this Court or by the Court of Appeal as frivolous or for failure to state a claim include, but are not limited to, *Curtis Gordon v. Frank Mayberry, et al.*, Civil Action No. 93-0499-FJP-SCR (M.D. La.), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 93-0856-FJP-SCR (M.D. La.)(counting as two strikes because appeal also dismissed as frivolous), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 93-0878-FJP-SCR (M.D. La.), *Curtis Gordon v. Sgt. McKnight, et al.*, Civil Action No. 94-0001-FJP-SCR (M.D. La.), *Curtis Gordon v. A. J. Dunn, et al.*, Civil Action No. 94-0039-FJP-SCR (M.D. La.), *Curtis Gordon v. Sgt. Fontaine, et al.*, Civil Action No. 94-0040-FJP-SCR (M.D. La.)(appeal dismissed as frivolous), *Curtis Gordon v. R. White, et al.*, Civil Action No. 94-0086-FJP-CN (M.D. La.), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 94-1698-FJP-CN (M.D. La.), *Curtis Gordon v. A. J. Dunn, et al.*, Civil Action No. 94-2586-JVP-CN (M.D. La.), *Curtis Gordon v. J. L. Bolden, et al.*, Civil Action No. 95-0158-JVP-SCR (M.D. La.), and *Curtis Gordon v. J. L. Bolden, et al.*, Civil Action No. 95-0594-JVP-CN (M.D. La.).

2. The allegations of the plaintiff's Complaint do not fall within the "imminent danger" exception to the statute.

Therefore;

**IT IS ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff is granted 21 days from the date of this order to pay the full filling fee, which is $ 400.00.  The filing fee must be paid in full in a single payment.  No partial payments of fees will be accepted. Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's Complaint without further notice from the Court.

Baton Rouge, Louisiana, July 14, 2015.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE