UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CURTIS GORDON (#080114)                          CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC                   NO. 15-0370-JJB-SCR
SAFETY AND CORRECTIONS, ET AL.

## RULING

On July 14, 2015, pursuant to the "three strikes" provision of
28 U.S.C. § 1915(g), this Court entered an Order denying the
plaintiff's motion to proceed *in forma pauperis* herein and ordering
him to pay, within twenty-one (21) days, the full amount of the
Court's filing fee. *See* R. Doc. 5. The plaintiff was placed on
notice that a failure to comply with the Court's Order within the
time allowed "shall result in the dismissal of the plaintiff's
Complaint without further notice from the Court." *Id.* A review of
the record now reflects that the plaintiff has failed to comply
with the Court's directive. Instead, the plaintiff apparently
refused to accept receipt of the service copy of the Court's Order
on July 17, 2015, and the Order was returned to the Court. *See* R.
Doc. 6.

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil
action or appeal in federal court may be granted *in forma pauperis*
status but is nonetheless required to pay the full amount of the
Court's filing fee over time in incremental installments. However,

such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Curtis Gordon v. Frank Mayberry, et al.*, Civil Action No. 93-0499-FJP-SCR (M.D. La.), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 93-0856-FJP-SCR (M.D. La.)(counting as two strikes because appeal also dismissed as frivolous), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 93-0878-FJP-SCR (M.D. La.), *Curtis Gordon v. Sgt. McKnight, et al.*, Civil Action No. 94-0001-FJP-SCR (M.D. La.), *Curtis Gordon v. A. J. Dunn, et al.*, Civil Action No. 94-0039-FJP-SCR (M.D. La.), *Curtis Gordon v. Sgt. Fontaine, et al.*, Civil Action No. 94-0040-FJP-SCR (M.D. La.)(appeal dismissed as frivolous), *Curtis Gordon v. R. White, et al.*, Civil Action No. 94-0086-FJP-CN (M.D. La.), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 94-1698-FJP-CN (M.D. La.), *Curtis Gordon v. A. J. Dunn, et al.*, Civil Action No. 94-2586-JVP-CN (M.D. La.), *Curtis Gordon v. J. L. Bolden, et al.*, Civil Action No. 95-0158-JVP-SCR (M.D. La.), and *Curtis Gordon v. J. L. Bolden, et al.*, Civil Action No. 95-0594-JVP-CN (M.D. La.).

28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days.[2] Because of his failure to do so within the time allowed, the above-captioned proceeding shall be dismissed. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ____ day of August, 2015.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). *See* R. Doc. 5 n. 2.